McElrath, Albritton & Davis *v.* J. B. Spillman.

[Abstract Kentucky Law Reporter, Vol. 7—308.]

**Conveyance to Defraud Creditors.**

Where under a contract whereby a person furnishes money to a merchant to be used in purchasing commodities to be shipped to the person furnishing the money for sale, the merchant becomes indebted he can not thereafter convey his real estate to members of his family on account of his love for them, and if he does, such conveyance will be set aside at the suit of the creditors.

APPEAL FROM HICKMAN CIRCUIT COURT.

October 22, 1885.

Opinion by Judge Holt:

In January, 1877, the appellee, J. B. Spillman, entered into a contract with McElrath, Albritton & Hale, by which they were to advance him money for the purchase of tobacco, it to be shipped by him to their commission house, and upon its sale by them they were to retain the sums advanced, with interest thereon, and their commissions for selling it, and the appellee was to have whatever might be left, if anything. A running account of this business, which lasted until October, 1878, showing the sums advanced and the receipts from sales, was kept; and from it, it appears that on April 4, 1877, the appellee was indebted to said firm to the extent of over $1,500; and from that time until they abandoned the venture he was constantly in debt to them.

On September 8, 1879, they had settlement, and for a balance they found due the firm of $2,700, the appellee, Spillman, executed his note; and a judgment having been obtained upon it for nearly that sum, and a return of nulla bona, this action was brought on September 7, 1881, to cancel a deed from the appellee and his wife to his daughter, Sally T. Hays, and her children, for a tract of land of probably about forty acres made in consideration of love and affection, on April 4, 1877, but which was not acknowledged and left for record until May 23, 1877; also one to their daughter-in-law, Jennie Spillman, and her children for eighty acres, of the same date and for a like consideration, and which was acknowledged on May 23, 1877, but not lodged for record until in September following; also one for forty acres from one Jackson to Sally T. Hays and her bodily heirs, dated January 2, 1878, and purporting to be for a valuable consideration therein recited; and a fourth one, which was made by a commissioner in March, 1881, to Sophia Spillman, the wife of the appellee, for about two hundred seventy-six acres. The first two were assailed upon the ground that they were not only voluntary, but actually fraudulent; and it was claimed as to the last two that they were in fact for the benefit of the appellee. The testimony shows that the Jackson land was in fact bought by Mrs. Hays, but that a portion of the purchase-money was paid by her father, the appellee, J. B. Spillman; and the lower

court, to the extent of such payment, properly subjected the land to the payment of the appellants' judgment.

It appears that the tract conveyed to the appellee's wife, and which formerly had belonged to him, was sold at a decretal sale in 1865, for purchase-money owing by him, and purchased by her; that it was mainly, if not altogether, paid for by her with means derived from a sale of a part of it, and from her father's estate and by gift or loan from her son, and from income arising from the land. In any event if her husband paid anything towards it, it was long before he became indebted to the appellants; and although the sale was not confirmed or a deed made to her until March, 1881, yet, it does not satisfactorily appear that the appellants gave credit to the husband by reason of a belief that he owned the land, and moreover she then only got what she had been entitled to for years.

Neither do we think the testimony authorizes any claim against it by the husband's creditors on account of the improvements upon it. They were mainly made before the appellants and the appellee, J. B. Spillman, had any business intercourse; and the allegation by the former that a part of the money furnished by them to the appellee to purchase tobacco, paid for them, is based only upon surmise, and is unsustained by the evidence.

As to the eighty acres conveyed to Jennie Spillman and her children, it is sufficient, after what has been already stated, to say that it was a part of the two hundred seventy-six acres belonging to the wife.

The lower court, however, refused to subject to the payment of appellants' debt the land conveyed to Sally T. Hays by her father on April 4, 1877, although he was then indebted to them to the extent of $1,600 and over; and it is urged that this refusal should be sustained because the account between them shows that after that date he paid to them a sum more than equal to the amount owing by him when the deed was made. The testimony is conflicting as to whether any direction was given by him as to the application of the payments. He says he directed them to be applied in payment of the first sums advanced to him, while two of the members of the firm say that no direction whatever was given. If this question were decisive of the matter, yet the testimony is too conflicting to warrant a satisfactory conclusion. As

already stated, it was a running account, created by virtue of the contract made between the parties in January, 1877; the appellee, J. B. Spillman, from first to last was more or less in debt to the appellants; when the venture was undertaken he was in doubtful circumstances financially, and probably insolvent; and it is apparent that when the voluntary conveyance was made to Mrs. Hays and her children on April 4, 1877, at least a contingency existed endangering the appellants in their dealings with him under a contract made prior to the date of the conveyance. The fact that the grantor had promised in 1875 to give her the land is but a circumstance bearing upon the question of actual fraud, and can not alter the legal effect of the subsequent voluntary conveyance. Its only consideration was love and affection; the grantor was, to say the least, then under a pending contingent liability to the appellants, and in an embarrassed condition financially. Therefore upon a reasonable estimate it would have been expected that the conveyance would operate to the injury or hindrance of the appellants, who were then existing creditors, or the then further contemplated liability under a contract previously made. Under these circumstances the transaction must be viewed in an equitable light; the grantor must be required "to be just before he is generous," and the conveyance be held to be fraudulent in law and void as to the appellants.

The testimony shows that the use of the land since Mrs. Hays obtained possession of it, and the permanent improvements made thereon by her, are nearly or quite equal in value, and no account therefore may be taken of her.

The judgment below is affirmed as to Sophia W. Spillman, M. J. Spillman, Jennie Spillman and her children, Bessie, Oakley, Harry, Milton and Virginia Spillman; and reversed as to J. B. Spillman, J. W. Hays and Sallie T. Hays and her children, but only to the extent of subjecting the land conveyed by J. B. Spillman and wife to Sally T. Hays and her children, by the deed dated April 4, 1877, or so much of it, if divisible without materially impairing its value, as may be necessary to pay whatever may remain unpaid of the appellants debt, after the enforcement of the lien against the Jackson land as provided by the judgment appealed from, and for further proceedings consistent with this opinion.

*W. W. Robertson*, for appellants.

*J. W. Rodman, Randle, Poore & Husbands*, for appellee.